Jodie E. Shultz
                         Plaintiff,

v.                                            Case No.: 1:15−cv−03125
                                           Honorable Elaine E. Bucklo

Stacey L. Landi, et al.
                         Defendant.

# NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, October 11, 2019:

     MINUTE entry before the Honorable Elaine E. Bucklo: The parties' motions in limine are resolved as stated on the record at the pretrial conference on 10/7/19. Defendants' motion to exclude the testimony of Douglas Sell, Jr., is denied. Plaintiff did not need an expert to testify as to plaintiff's expected lifetime earnings if she had not been injured. LaFever v. Kemlite Co., 185 Ill. 2d 380, 455 (Ill. 1998); Patel v. Brown Machine Co., 264 Ill. App.3d 1039, 1061 (1st Dist. 1994). Whether the lost earnings claim can go to the jury depends upon supportable testimony, but assuming there is sufficient evidence that plaintiff stopped working a little over a year after her accident because of the injury sustained in the accident, and of her salary at that time, generally accepted principles in Illinois allow a jury to decide if plaintiff is entitled to damages for future lost earnings and to calculate that figure. It is certainly helpful to have someone explain the expected earnings of someone in a comparable place, based on the kind of tables and statistics that are commonly used to reach the conclusions stated by Mr. Sells, and to reduce the figure to present value. That is something an economist can do. Defendants essentially argue that the Illinois rule on calculation of lost earnings is invalid, but they never explain why, and since Illinois law provides the rule of decision, they cannot. (Defendants did not argue in their motion that Mr. Sells should be barred from testifying because his testimony was unnecessary.) For the same reasons, I decline to grant defendants' motion as to Mr. Sells' calculations as to household services. Mr. Sells may not, of course, testify that plaintiff cannot work or do specific chores because of her injury. Mailed notice. (mgh, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our

web site at *www.ilnd.uscourts.gov*.